BOWEN, Judge,
concurring.
The appellant, an adult, spent two nights with a 16-year-old girl against the wishes of, and contrary to the specific provisions made by, the girl’s parents during their absence. Under the circumstances, it is clear that appellant “aided” the juvenile in leaving the “lawful custody of her parents,” at least for the few days the parents were out of town.
The majority finds the evidence insufficient in part because the pair “had been seeing each other for six months” and the girl “decided on her own to go see the *34 appellant on the day in question.” In my opinion, neither of these facts eliminates appellant’s culpability under § 12-15-13. I know of no provision in the juvenile statutes which excludes from liability otherwise prohibited adult conduct simply because that conduct was undertaken with a willing juvenile. In fact, had the juvenile been an “unwilling” participant here, appellant could have been charged with kidnapping and rape. The purpose of the juvenile dependency, delinquency, and need of supervision statute is to protect a child under 18 from circumstances, created by an adult, which endanger the child’s welfare. See generally Annot. 31 A.L.R.3d 848 (1970). The “willingness” of the child to be placed in such circumstances cannot, of course, negate the adult’s responsibility.
I believe appellant’s conviction is due to be reversed, however, because his intent to “interfere with the lawful custody” of the girl’s parents was not sufficiently shown by this one incident. “Custody,” as the majority opinion points out, embraces the “sum” of parental rights, embodies a continuing relationship, and is not generally undermined by a single occurrence. “The courts have ... ruled that there must be more than a single isolated incident to support a determination that a child is one in need of supervision.” 43 C.J.S. Infants § 35 at 144 (1978).